**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**Stacey D. Adams**<br>**UNITED STATES MAGISTRATE JUDGE** | FRANK R. LAUTENBERG U.S. POST OFFICE & COURTHOUSE BUILDING<br>2 FEDERAL SQUARE<br>NEWARK, NJ 07102<br>973-645-6121 |

September 30, 2024

**LETTER ORDER**

RE:   *Cabrera v. Oliphant Financial, LLC et. al.*
      **Civil Action No. 23-cv-22466(ES)(SDA)**

Dear Counsel:

Before the Court is the Motion to Stay Discovery (the "Motion") filed by Defendant Oliphant Financial and Robert A. Morris (together, "Defendants"). (ECF No. 22) Plaintiff Marilux Cabrera ("Plaintiff") opposes the Motion. (*See* ECF No. 25). This Motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the Parties' written submissions, the Motion is **GRANTED**.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

This matter was removed from New Jersey Superior Court, Essex County on November 17, 2023. (ECF No. 1). Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the New Jersey Consumer Finance License Act ("NJCFLA"), *N.J.S.A.* 17:11C-3; and the New Jersey Consumer Fraud Act ("CFA"); and also asserts common law claims including fraud and disgorgement. *Id.* Plaintiff brings this action on behalf of a putative class of all other persons similarly situated. *Id.* On March 19, 2024, Defendants filed a motion to compel arbitration. (ECF No. 11). Defendants now seek to stay discovery pending the outcome of its Motion. (ECF No. 22).

**II.   GOVERNING LAW AND ANALYSIS**

The Court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). "The power to stay proceedings is incidental" to the court's inherent power to "control the disposition of the causes on its docket." *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936). Courts weigh a number of factors in determining whether to grant a stay, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the movant; (3) whether a stay would simplify the issues and trial of the case; and (4) whether discovery is complete and/or a trial date is set." *Akishev v. Kapustin*, 23 F.Supp. 3d 440, 446 (D.N.J. 2014) (internal citations omitted). The Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. 248 at 254-55. It is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion." *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

The moving party must show "good cause for a stay." *F.R.C.P.* 26(c)(1). Generally, the filing of a

dispositive motion does not constitute good cause. *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007). "However, when the underlying motion to dismiss seeks to compel arbitration, the analysis changes." *Rhymes v. MPower Energy NJ, LLC*, No. 23-02556, 2023 U.S. Dist. LEXIS 203036, at *5 (D.N.J. Nov. 13, 2023). In this context, the Third Circuit has cautioned: "[R]equiring parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Klepper*, 45 Fed. Appx. at 139.

In reviewing the relevant factors, the Court notes the following:

### A. *Whether the stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff*.

The Court finds this factor weighs in favor of a stay. "Delay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical advantage." *Akishev*, 23 F.Supp. at 447 (quoting *Levy v. Sterling Holding Co.*, No. 00-994, 2004 U.S. Dist. LEXIS 19180, at *2 (D. Del. Sept. 27, 2004)).

Defendants argue that if they are forced to engage in discovery before the motion is decided, it will undermine the purpose of the arbitration agreement. Further, it may require discovery beyond the scope of what is within the scope of the arbitration. While Plaintiff indicates in her opposition that Defendants have a tactical advantage because they have had the benefit of engaging in discovery before moving for a stay, she does not articulate the benefit to Defendants. Mere delay, alone, does not constitute undue prejudice. The first factor thus weighs in favor of a stay.

### B. *Whether denial of the stay would create a clear case of hardship or inequity for Defendants.*

The Court finds this factor weighs in favor of a stay. Generally, an "incidental burden and cost of proceeding [] in litigation falls short of a 'clear case of hardship or inequity.'" *Akishev*, 23 F.Supp. at 448 (quoting *Landis*, 299 U.S. at 255). However, a putative class action claim "broadens the scope of discovery and adds a layer of complexity to the litigation." *Burress v. Freedom Mortg. Corp.*, No. 20-15242, 2021 U.S. Dist. LEXIS 125767, at *11 (D.N.J. May 26, 2021).

Defendants have shown they would be burdened with unnecessary discovery if they were required to proceed with the discovery process while their Motion to Compel Arbitration is pending. This matter involves a putative class action claim, which necessarily broadens the scope of discovery and creates a specific and substantiated risk of harm to Defendants. *Buress*, 2021 U.S. Dist. LEXIS 125767, at *11. It is possible that if Defendants' Motion to Compel Arbitration is granted, broad class-wide discovery will no longer be necessary. As this is a putative class action, discovery will be complex and costly. Accordingly, the second factor weighs in favor of granting the stay.

### C. *Whether a stay would simplify the issues and trial of the case.*

The Court finds this factor weighs in favor of a stay. Courts consider whether the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Acetlion Pharms., Ltd. v. Apotex Inc.*, No. 12-5743, 2013 U.S. Dist. LEXIS 135524, at * 12 (D.N.J. Sept. 6, 2013) (quoting *Victor v. Huber*, No. 12-282, 2012 U.S. Dist. LEXIS 91181, at *2 (M.D. Pa. July 2, 2012)). The Motion to Compel Arbitration is not frivolous because it does have *some* foundation in law. If the motion is granted, the litigation will be stayed and the matter will proceed in arbitration. The scope of arbitration may be different than the litigation. Because the outcome of the

Motion to Compel Arbitration would potentially simplify the issues in the case, the third factor weighs in favor of granting a stay.

### D. *Whether discovery is complete and/or a trial date is set.*

The Court finds this factor weighs in favor of a stay. Fact Discovery commenced on February 13, 2024 and does not end until December 9, 2024. This deadline has not yet been extended. There is no trial date. At this juncture, it appears the parties have only engaged in limited written discovery. *See Anfibio v. Optio Sols. LLC*, No. 20-cv-11146, 2020 U.S. Dist. LEXIS 245147, at *5 (D.N.J. Dec. 30, 2020) (finding that the fourth factor was satisfied where the discovery end date was eight months away, the parties did not engage in significant discovery, and a trial date was not scheduled).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Discovery is stayed pending resolution of Defendants' Motion to Dismiss and Compel Arbitration. The parties are directed to submit a letter to the Court within seven (7) days of the decision on the Motion to Compel Arbitration. (ECF No. 11). If the motion is denied, the Court will hold a conference to set an expedited discovery schedule. The Clerk is directed to terminate the motion at ECF No. 22.

*s/ Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**

Orig: Clerk
cc:   Hon. Esther Salas, U.S.D.J.
      Counsel of Record