## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MARILUX CABRERA,** *on behalf of herself and those similarly situated*, | Case No. 2:23-cv-22466-ES-SDA |
| Plaintiff, | Hon. Stacey D. Adams, U.S.M.J. |
| v. | **OPINION** |
| **OLIPHANT FINANCIAL, LLC; ROBERT A. MORRIS; and JOHN DOES 1 to 10,** | July 25, 2025 |
| Defendants. |  |

**STACEY D. ADAMS, United States Magistrate Judge**

### FACTUAL BACKGROUND[1]

Plaintiff Marilux Cabrera ("Plaintiff") files this putative class action on behalf of herself and those similarly situated against Defendants Oliphant Financial, LLC ("Oliphant") and Robert A. Morris ("Morris") (together, "Defendants") alleging Defendants unlawfully purchased and enforced consumer debts without obtaining a license as required by the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-3 ("NJCFLA"). (Prop. Am. Compl., ECF No. 32-3 ¶ 1). Plaintiff alleges the credit accounts became void and unenforceable on the date Defendants took assignment of the accounts. (*Id.*). Plaintiff also seeks relief under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.* ("NJCFA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (*Id.* ¶ 3). Plaintiff and the putative class members are New Jersey consumers against whom Defendants allegedly enforced consumer debts. (*Id.* ¶ 2). Oliphant is a debt buyer. (*Id.* ¶ 12). Morris is the Chief Executive Officer of Oliphant. (*Id.* ¶ 13).

---

[1] The relevant facts are gleaned from Plaintiff's Proposed Amended Complaint. (Prop. Am. Compl., ECF No. 32-3).

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed this matter in the Superior Court of New Jersey on October 16, 2023. (ECF No. 1-1). It was removed to this court on November 17, 2023. (ECF No. 1). Defendants filed an Answer on December 22, 2023. (ECF No. 6). An initial scheduling order was entered on February 13, 2024. (ECF No. 10). Importantly, the deadline to file a motion to amend pleadings or add parties was set for August 9, 2024. (*Id.* ¶ 6).

Defendants filed a Motion to Compel Arbitration on March 19, 2024. (ECF No. 11). Defendants then filed a motion to stay discovery pending the outcome of their motion to compel on May 15, 2024. (ECF No. 22).

On July 15, 2024, Plaintiff filed a discovery dispute letter alleging that Defendants' discovery responses were deficient. (ECF No. 28). Then, on August 9, 2024, the parties' filed a joint status update in advance of an upcoming August 14, 2024 status conference. (ECF No. 30). Among other things, in that letter, Plaintiff requested an extension of the deadline to file a motion to amend pleadings or add parties until October 9, 2024. (ECF No. 30). Neither the discovery dispute nor the extension request were addressed by the court because, on September 30, 2024, the court granted Defendants' motion to stay discovery pending a decision on the motion to compel arbitration. Similarly, the initial scheduling order has never been amended as a result of the ongoing stay.

Despite the stay of discovery, Plaintiff filed the instant Motion seeking to amend the complaint on December 11, 2024. (Mot., ECF No. 32) The Motion seeks to add two new named Plaintiffs to the case, Catherine Greder and Joshira Perez. (Prop. Am. Compl.). There are no other substantive changes to the complaint and it does not add any new claims, causes of action or facts (except to the extent they describe the involvement of the new plaintiffs). Following the filing of

Plaintiff's motion to amend, the Honorable Esther Salas, U.S.D.J. administratively terminated the pending motion to compel arbitration until after the instant motion was resolved. (ECF No. 33).

## LEGAL ANALYSIS

The "threshold" issue for the court on a motion to amend the complaint is to determine whether it is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *Holmes v. Christie*, No. 16-cv-1434 (ES) (MAH), 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023) (internal citations omitted). "[O]nce the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (internal quotations and citations omitted); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990).

Under Fed. R. Civ. P. 16(b)(4), once a Scheduling Order has been entered, it may be modified "only for good cause and with the judge's consent." Whether "good cause" exists depends on a party's diligence. *Premier Comp Sols. LLC v. UPMC*, 970 F. 3d 316, 319 (3d. Cir. 2020). "Good cause requires that a party demonstrate that an existing schedule cannot be met despite the diligence of the party seeking the extension." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-cv-7025 (RBK) (JS), 2018 WL 2464499, at *3 (D.N.J. May 31, 2018) (quoting Fed. R. Civ. P. 16, Advisory Committee Note on subdivision (b)).

If a moving party meets its burden under Fed. R. Civ. P. 16, the court must then assess the application under the more liberal standard of Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15 requires leave to amend be "be freely given when justice so requires." The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358,

369 (3d. Cir. 2020); *Long v. Wilson*, 393 F. 3d 390, 400 (3d. Cir. 2004). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants are correct that the instant application is governed in the first instance by Fed. R. Civ. P. 16, as the request to amend is made after the deadline to amend set forth in the court's scheduling order. However, even applying this more stringent standard, the court finds good cause to allow the amendment. Plaintiff has been diligent in pursuing discovery in this case. Discovery requests were timely served in accordance with the Initial Scheduling Order. (ECF No. 10). Defendants requested a 45-day extension of time to respond, which the court granted. (ECF No. 14). Defendants' responses were therefore not served on Plaintiff until May 15, 2024, the very same day Defendants filed a motion to stay discovery. (ECF Nos. 22, 30). Upon review of Defendants' discovery responses, Plaintiff sent Defendants a meet and confer letter to address what Plaintiff felt were a number of deficiencies in Defendants' responses. (ECF No. 30). Defendants indicated they would respond, but never did. (*Id.*). Plaintiff then sent a letter to the court on July 15, 2024 notifying it of the discovery dispute. (ECF No. 28). Further, a joint status update was then provided to the court on August 9, 2025, in advance of an August 14, 2025 status conference. (ECF No. 30). In that letter, Plaintiff reiterated the discovery dispute and asked for an extension of the deadline to amend the complaint or add parties until October 9, 2025. (*Id.*). The basis for this request was the outstanding issues with the written discovery, which needed to be resolved before Plaintiff decided whether an amendment of the complaint was appropriate. (*Id.*). The court did not reach either issue because on September 30, 2024 an Order was entered staying discovery pending resolution of the motion to compel arbitration. (ECF No. 31).

Under these circumstances, it would be unfair to prohibit Plaintiff from amending the complaint. Plaintiff acted diligently in pursuing discovery and timely sought an extension. Indeed, the only reason why the discovery dispute and extension request were not addressed by the court was because *Defendants* requested a stay. To allow Defendants to now use this stay to preclude Plaintiff from amending would lead to an unjust result. Fact discovery is not complete in this matter; requiring Plaintiff to adhere to a deadline to amend prior to receiving fulsome discovery is inequitable and contrary to the intent of Court Rules. *See e.g.*, *Batta v. HCL America, Inc.*, No. 17-cv-5988 (CCC) (JBC), 2019 WL 6888407, at *2 (D.N.J. Dec. 17, 2019) ("[I]t would be unreasonable to hold [p]laintiff to the initial [ . . . ] deadline to amend when fact discovery has been on-going in this matter and typically a motion to amend pleadings is near the close of fact discovery."); *EBIN New York, Inc. v. Young Chul Lee*, No. 17-cv-13509 (JMV) (MF), 2019 WL 5168624, at *2 (D.N.J. Oct. 11, 2019) ("Requiring amendment prior to any real discovery is not fair."). Therefore, the court finds the amendment is permissible under Fed. R. Civ. P. 16.

The court next turns to an analysis under Fed. R. Civ. P. 15 and addresses the five *Forman* factors. 371 U.S. at 182. Defendants do not allege bad faith or dilatory motive, repeated failure to cure deficiencies or futility, so the court need not address these three factors. Accordingly, the court focuses on: (1) undue delay; and (2) undue prejudice.

The court declines to find there has been undue delay by Plaintiff largely for the reasons set forth above. It adds the following: "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d. Cir. 2001) (citing *Adams v. Gould*, 739 F. 2d. 858, 868 (3d. Cir. 1984)). Undue delay is one "that is protracted and unjustified," and "can indicate a lack of diligence sufficient to justify discretional denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d. Cir. 2017). Here, the reason why Plaintiff

was unable to meet the deadline is clear: she was hampered from receiving fulsome discovery due to the stay sought by Defendants. Any delay in seeking an amendment was brought about the filing of a motion to compel arbitration and then the subsequent motion to stay discovery pending the outcome of that motion, not by Plaintiff's conduct. Accordingly, there has been no undue delay.

Defendants' argument that they will be unduly prejudiced by the amendment is equally unavailing. The court must determine whether the amendment will cause unfair prejudice to the other party or unduly burden the court. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d. Cir. 1993) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.") (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d. Cir. 1978)). In evaluating prejudice, the court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. "Generally, courts have not found undue prejudice when a party moves to amend while discovery is still open." *Hagans v. Nat'l Mentor Healthcare, Inc.*, No. 22-cv-128 (KMW) (SAK), 2024 WL 3024892, at * 3 (D.N.J. June 17, 2024) (collecting cases).

Here, there is no undue prejudice to Defendants if amendment is permitted. Discovery is still open (albeit currently stayed). The amendment seeks to add two similarly situated individuals as named Plaintiffs. (Prop. Am. Compl.). It does not expand the claims or add any new causes of action. (*Id.*). Thus, it will not significantly increase the scope of discovery. Defendants' argument that it may have to serve a third-party subpoena to obtain documents concerning the new parties is insufficient to establish undue prejudice. If such information is needed, the court will afford Defendants adequate time to obtain it. The Amendment will thus not result in any demonstrable delay or prejudice to Defendants. Indeed, it is disingenuous for Defendants to request, on the one hand, a stay of discovery (which invariably delays resolution of the case) and then, on the other

hand, suggest that adding two new defendants will cause undue delay. Further, that Defendants may need to revise their motion to compel to account for the two new Plaintiffs does not create undue prejudice. *See Dole v. Arco Chem. Co.*, 921 F. 2d 484, 488 (3d. Cir. 1990) (finding no undue prejudice where defendant argued it would be prejudiced by the need to redraft its summary judgment motion). Presumably, the arguments asserted by Defendant with regard to arbitration will be the same for the two new plaintiffs as for the existing Plaintiff.

Accordingly, the court does not find there was undue delay in seeking the amendment, or that granting Plaintiff's request will result in undue prejudice to Defendants. Accordingly, Plaintiff's Motion to Amend is granted.

## **CONCLUSION**

In conclusion, Plaintiff's Motion to Amend is **GRANTED**. Plaintiff shall file the First Amended Complaint within 7 days of this Order. Defendant will file a responsive pleading within the time frame set by Rules. There shall be a conference before the undersigned on **August 15, 2025 at 12:00 p.m.** via video conference to address whether any limited discovery is needed before Defendants file a renewed Motion to Compel Arbitration.

*s/ Stacey D. Adams*
Stacey D. Adams
United States Magistrate Judge